FILED
2020 Jan-22 AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICIA WILLIAMS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:19-cv-00693-ACA |
| } | |
| **SETERUS, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION AND ORDER

Defendants Seterus, Inc., and Nationstar Mortgage LLC's (collectively, "Seterus") is in the business of servicing mortgages. One of the mortgages it services is on a residence owned by Plaintiff Patricia Williams ("Ms. Williams"). After Ms. Williams defaulted on her mortgage payments, Seterus allegedly sent Ms. Williams a letter threatening acceleration of her loan and foreclosure in order to coerce and intimidate her into paying the entire amount of her default by a specific date. Ms. Williams believes that Seterus did not intend to carry out its threats and has filed suit on behalf of herself and a putative class of Alabama Consumers. (Doc. 14).

Ms. Williams' first amended complaint asserts that Seterus: (1) violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ("Count One"); and (2) engaged in negligent misrepresentation ("Count Two"). (Doc. 14 at 14–21

¶¶ 95–147). Before the court is Seterus's motion to dismiss the first amended complaint. (Doc. 17).

The court **GRANTS IN PART** and **DENIES IN PART** Seterus's motion to dismiss. The court finds that under the lenient standard applicable on a motion to dismiss, Ms. Williams has alleged sufficient facts to state plausible claims under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. (*Id*. at 3 ¶¶ 21–22). The court **DISMISSES WITH PREJUDICE** Ms. Williams's claim of negligent misrepresentation because she has not pleaded adequate facts supporting damages.

## I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Ms. Williams obtained a loan secured by a mortgage on her residence in Centerpoint, Alabama. (Doc. 14 at 4 ¶¶ 23–24). Federal National Mortgage Association owns her mortgage, and Seterus services it. (*Id.* at 4 ¶¶ 24–25). At the time Ms. Williams's mortgage was transferred to Seterus for servicing, her loan was in default. (*Id.* at 4 ¶¶ 27–28).

Seterus's policy is to send a letter, referred to as the "Alabama Final Letter," when an Alabama customer is more than 45 days delinquent in making a mortgage payment. (*Id.* at 6 ¶ 41). The Alabama Final Letter threatens acceleration of the full

amount of the loan if the consumer does not pay the entire amount of the default (*id.* at 7 ¶ 50), and specifically provides that a partial payment of the defaulted amount may still result in acceleration of the loan (doc. 14-1 at 2). But Ms. Williams alleges that Seterus considers even a partial payment sufficient to hold off the acceleration process, so its threat to accelerate the loan if it receives only a partial payment is false. (*See* Doc. 14 at 7 ¶¶ 49–51). Ms. Williams alleges that Seterus sent her numerous Alabama Final Letters designed to coerce and intimidate her and other borrowers into paying the full balance of the default by a specified date, which Seterus did not intend to enforce. (*Id.* at ¶¶ 41, 43–44).

Ms. Williams alleges that she has suffered financial damage and experienced anxiety, stress, anger, frustration, and mental anguish resulting from her receipt of the Alabama Final Letters after making a payment. (Doc. 14 at 11, 20–21 ¶¶ 72, 144, 147). Ms. Williams also seeks to certify a class under Federal Rule of Civil Procedure 23, a declaration that Seterus has violated the FDCPA, an injunction, statutory damages, attorney's fees, and costs. (*Id.* at 21–22 ¶¶ 1–6).

## II. DISCUSSION

Seterus moves to dismiss the first amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 17 at 17–18). "To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Fair Debt Collection Practices Act (Count One)

In Count One, Ms. Williams alleges that Seterus violated §1692e and § 1692f of the FDCPA by sending her and other borrowers letters containing false representations and threats of actions that it did not intend to take and/or could not legally take. (Doc. 14 at 14–18 ¶¶ 95–124). Ms. Williams asserts that she "received numerous Alabama Final Letters in the months before and after" the letter she received on May 21, 2018. (*Id*. at 6 ¶ 44). The May 2018 Alabama Final Letter states that she was in default in the amount of $2,641.14 and that:

> If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before June 25, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(Doc. 14-1 at 2). Ms. Williams alleges that Seterus's policy is never to accelerate any loan that is less than 45 days delinquent and that Seterus had no intention of accelerating her loan if she made a partial payment instead of entire default amount. (Doc. 14 at 7–8, 10–11, 15 ¶¶ 50–52, 65, 70, 105).

4

Section 1692e of the FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692f is a catch-all provision prohibiting the use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. Seterus contends that the court must dismiss this cause of action because Ms. Williams "fails to allege any act or omission by Seterus that violated that FDCPA." (Doc. 18 at 10).  The court disagrees.  The Seterus letter explicitly states that it "will accelerate the maturity date of the loan" if full payment is not received "on or before [a specific date]." (Doc. 14 at 7 ¶ 47).  The letter goes on to expressly warn that partial payments will not prevent acceleration. (*Id.*)  Ms. Williams contends that "Seterus does not accelerate loans in the manner threatened by its Alabama Final Letter." (*Id.* at 9 ¶ 53).  According to Ms. Williams, the Alabama Final Letter is nothing more than an "empty threat" and that Seterus lacks both the intent and ability to take the threatened actions. (*Id.* at ¶¶ 58–59).

At the motion to dismiss stage the court must construe the facts in the light most favorable to Plaintiffs.  S*ee Butler*, 685 F.3d at 1265.  Taking the facts in the light most favorable to Ms. Williams, Seterus sent a letter threatening action it never intended to take.  Thus, Ms. Williams's allegations state a claim under both § 1692e(5) which prohibits a debt collector from any action "that is not intended to be

taken," and under § 1692e(10), which prohibits the use of "any false representation or deceptive means to collect or attempt to collect any debt."

Construed in the light most favorable to Ms. Williams and accepting the allegations in the amended complaint as true, the Alabama Final Letter could be viewed as false, misleading, or deceptive in violation of §§ 1692e(5) and/or 1692e(10). Therefore, the court **DENIES** the motion to dismiss Ms. Williams's claim under 42 U.S.C. § 1692e.

As for Ms. Williams' claims under 42 U.S.C. § 1962f, the court construes this as pleading in the alternative according to Federal Rule of Civil Procedure 8(d)(2). Accordingly, the court **DENIES** the motion to dismiss Count One.

### B. Negligent Misrepresentation (Count Two)

In Count Two, Ms. Williams alleges that Seterus engaged in misrepresentation because it willfully or recklessly made false representations in the Alabama Final Letter about accelerating loans to induce Ms. Williams and other borrowers to pay the entire balance when they could have made partial payments. (Doc. 14 at 18–21 ¶¶ 125–47). Ms. Williams asserts that if she and other borrowers had known the true facts, they could have used their funds on other necessary living expenses. (*Id.* at 20 ¶ 144).

Under Alabama law, the elements of a fraudulent misrepresentation claim are "(1) that the representation was false, (2) that it concerned a material fact, (3) that

6

the plaintiff relied on the false representation, and (4) that actual injury resulted from the reliance." *Cook's Pest Control, Inc. v. Rebar*, 28 So. 3d 716, 725 (Ala. 2009). Seterus contends that Ms. Williams cannot prove she suffered an injury because Ms. Williams had a legal obligation to pay the amounts that she sent to Seterus. (Doc. 18 at 29–30).

Alabama law states that "'one suffers no damage where he is fraudulently induced to do something which he is under legal obligation to do, such as pay a just debt, . . . or perform a valid contract.'" *Reeves v. Porter,* 521 So.2d 963, 968 (Ala. 1988) (*citation and emphasis omitted*). In her complaint, Ms. Williams alleges that she suffered "anxiety, stress, anger, frustration, mental anguish, [and] deprivation of accurate information" in addition to financial damages. (Doc. 14 at 11 ¶ 72). But Ms. Williams has not cited, and the court cannot find, any case distinguishing financial and emotional damages in this context. Nor does Ms. Williams offer any argument to support such a distinction.

In the absence of any actual injury resulting from Ms. Williams's reliance on Seterus's alleged misrepresentation, Ms. Williams cannot establish a prima facie case of negligent misrepresentation. Accordingly, the court **GRANTS** Seterus's motion to dismiss Count Two.

## III. CONCLUSION

The court **GRANTS IN PART** and **DENIES IN PART** Seterus's motion to dismiss the first amended complaint. The court **DENIES** the motion with respect to Ms. Williams's claim based on 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. The court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** Count Two for negligent misrepresentation.

**DONE** and **ORDERED** this January 22, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE